IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02402-PAB-KLM

JOE HAND PROMOTIONS, INC.,

      Plaintiff,

v.

C.J.'S SPORTS BAR, LLP, and
LARRY DEANE COWDEN and DOROTHY GAIL COWDEN, as General Partners,

      Defendants.

---

**ORDER**

---

      This matter is before the Court on the Notice of Motion and Motion to Dismiss [Docket No. 5] filed by defendants C.J.'s Sports Bar, LLP ("C.J.'s"), Larry Deane Cowden, and Dorothy Gail Cowden.  The Court's jurisdiction is based on 28 U.S.C. § 1331.

## I. BACKGROUND

      Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") sets forth the following factual allegations in its complaint.  Docket No. 3.  The Cowdens are the general partners of C.J.'s.  *Id*. at 4, ¶ 4.  Joe Hand is a commercial distributor of sports programming.  *Id*. at 5, ¶ 8.  Joe Hand spends substantial sums of money on marketing, advertising, promoting, administering, and transmitting sports programming to the broadcasting entities.  *Id*.

Joe Hand owns the exclusive national television distribution rights to the "Ultimate Fighting Championship 134: Anderson Silva vs. Yushin Okami," which took place on August 27, 2011. *Id*. at 5, ¶ 6. Defendants showed the Silva vs. Okami fight in real time at C.J.'s, despite their knowledge that they were unauthorized to do so. *Id*. at 5, ¶ 9.

On August 16, 2013, Joe Hand filed a complaint against defendants in the District Court for the County of El Paso, Colorado, asserting violations of 47 U.S.C. §§ 553 and 605 and state law conversion. Docket No. 3 at 4-6. Plaintiff seeks compensatory and statutory damages, attorney's fees, and costs. *Id*. at 6-7. On September 4, 2013, defendants removed the matter to this Court. Docket No. 1. On September 6, 2013, defendants filed the instant motion to dismiss. Docket No. 5.

## II. STANDARD OF REVIEW

The Court's function on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is sufficient to plausibly state a claim. Fed. R. Civ. P. 12(b)(6); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted).

The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d

2

1282, 1286 (10th Cir. 2008).  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).

## III.  ANALYSIS

### A.  Federal Claims

Defendants argue that plaintiff's claims are time barred by the applicable one-year statute of limitations.  Docket No. 5.

Section 553 of Title 47 prohibits the "[u]nauthorized interception or receipt" of "any communications service offered over a cable system."  47 U.S.C. § 553(a)(1). Section 605 of Title 47 prohibits the unauthorized publication of "any interstate or foreign communication by wire or radio."  47 U.S.C. § 605(a).  Neither statute contains a statute of limitations.  When a federal statute does not supply a limitations period, courts "generally 'borrow' the most closely analogous state limitations period."  *Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 414 (2005).  Under a "closely circumscribed . . . [and] narrow exception to the general rule," courts will look instead to analogous federal law when the state limitations period would "frustrate or interfere with the implementation of national policies" or "be at odds with the purpose or operation of federal substantive law."  *North Star Steel Co. v. Thomas*, 515 U.S. 29, 33-34 (1995) (citations and quotation marks omitted); *see also Barnett v. United Air Lines, Inc.*, 738 F.2d 358, 363 (10th Cir. 1984) ("if another relevant

*federal* statute exists that clearly reflects the interests Congress intended to protect under the federal statute in question, we must apply it") (emphasis in original).

In deciding which limitations period to borrow, courts look for a state statute that is "actually designed to accommodate a balance of interests very similar" to that struck by the federal law at issue. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 169 (1983). Factors relevant to this determination include "commonality of purpose and similarity of elements." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 358 (1991).

Defendants contend that the most closely analogous law is the Colorado Cable Piracy Statute, Colo. Rev. Stat. § 18-4-702, which prohibits theft of cable service. They further contend that the applicable limitations period is one year as provided by Colo. Rev. Stat. § 13-80-103(1)(d), which states that "[a]ll actions for any penalty or forfeiture of any penal statutes" shall be "commenced within one year after the cause of action accrues," regardless "of the theory upon which suit is brought, or against whom suit is brought."

### 1. Colorado Cable Piracy Act

Plaintiff claims that Colo. Rev. Stat. § 18-4-702 is not analogous to 47 U.S.C. § 605 because the former applies only to the theft of cable service while the latter applies only to the theft of satellite communications.[1] Docket No. 8 at 3-4. Plaintiff "acknowledges that the Court need not find an *identical* state statute," but argues that "a statute that explicitly excepts certain behavior may [not] be considered sufficiently

---

[1]Plaintiff does not dispute that the Cable Piracy Statute is analogous to 47 U.S.C. § 553(a)(1). Docket No. 8 at 4.

analogous to a statute that permits that behavior." Docket No. 18 at 2-3 (emphasis in original).

Colo. Rev. Stat. § 18-4-701(3) states that this "section does not apply to satellite dishes." Courts are split as to whether § 605 applies to communications distributed over a cable network, in addition to communications transmitted via radio or satellite. *Compare Charter Communications Entertainment I, DST v. Burdulis*, 460 F.3d 168, 172 (1st Cir. 2006) ("We, however, believe that the statutory text does make clear that § 605 is not to apply to signals delivered by wire over a cable network."); *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 197 (3d Cir. 2001) (holding that a "cable television descrambler does not facilitate the interception of 'communications by radio' and therefore the statutory damages available under § 605 do not apply here"); *and United States v. Norris*, 88 F.3d at 462, 469 (7th Cir. 1996) ("we find that cable television programming transmitted over a cable network is not a 'radio communication' as defined in § 153(b), and thus its unlawful interception must be prosecuted under § 553(a) and not § 605") *with Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 133 (2d Cir. 1996) ("[i]n light of this legislative history and the uniform pre-1984 judicial interpretation of § 605 as applicable to the distribution of descramblers for the interception of cable television, we conclude that § 605 continues to apply to such distribution").

Regardless of whether § 605 is limited to satellite transmissions, plaintiff's argument disregards the relevant similarities between these statutes. First, the two laws prohibit similar conduct, namely, the theft and unauthorized distribution of certain programming. In this regard, both statutes have a commonality of purpose. *See*

*Lampf*, 501 U.S. at 357.  Second, both laws have a similar remedial scheme in that they permit private individuals to file suit and obtain injunctive relief, damages, attorney's fees, and costs.  *Compare* Colo. Rev. Stat. § 18-4-702(1)(a), (2)-(5) *with* 47 U.S.C. § 605(e).  Third, both statutes permit the court to increase the damages awarded in the case of a willful violation committed for the purpose of personal financial gain.  *Compare* Colo. Rev. Stat. § 18-4-702(3)(a) *with* 47 U.S.C. § 605(e)(2).  The closeness of these remedial schemes additionally demonstrates that the laws share a "commonality of purpose and similarity of elements." *Lampf*, 501 U.S. at 357.[2]

The cases that plaintiff cites are inapposite because the courts in those cases were not considering statutes akin to the Cable Piracy Act, but were instead attempting to analogize 47 U.S.C. §§ 553 and 607 to state laws pertaining to theft or conversion.  *See Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc.*, 98 F. Supp. 2d 958, 964 (N.D. Ill. 2000) (finding that the Copyright Act "affords a 'closer fit'" to 47 U.S.C. §§ 553 and 605 than the common law tort of conversion); *Time Warner Cable Nat'l Div. v. Bubacz*, 198 F. Supp. 2d 800, 804 (N.D. W.Va. 2001) ("A number of federal courts have considered the precise issue raised by the parties in their cross motions for summary judgment–whether a state's statute of limitations for conversion, or the three year statute of limitations set forth in the Copyright Act, should apply to claims for the unauthorized interception and distribution of cable services."); *Nat'l Satellite Sports, Inc.*

_____

[2]There is no support for plaintiff's contention that the Colorado Cable Piracy Act is "at odds with the purpose of 47 U.S.C. § 605" because one statute "permits" conduct that the other one prohibits: neither statute *permits* piracy; rather, the statutes impose a closely analogous remedial scheme with respect to piracy of different types of media. *See* Docket No. 18 at 2-3.

*v. Time Warner Entertainment Co., L.P.*, 255 F. Supp. 2d 307, 313-14 (S.D.N.Y. 2003) (borrowing limitations period from Copyright Act as opposed to borrowing from a New York law that criminalized theft of cable services, but did not allow for civil actions). These cases do not undermine the conclusion that the Colorado Cable Piracy Act is analogous to 47 U.S.C. §§ 553 and 605.  *See Kingvision Pay-Per-View, Corp., Ltd. v. 898 Belmont, Inc.*, 366 F.3d 217, 223 (3d Cir. 2004) ("[F]ederal district courts have applied the federal limitations period under the Copyright Act to FCA claims when the only state law from which to borrow a limitations period was a general conversion law. We agree with the District Court that 'these cases do not predict the proper outcome of the case at bar involving a state statute narrowly crafted to deter cable piracy.'") (citation omitted).

Plaintiff argues that the Court should apply the limitations period from the Copyright Act in the interest of "nationwide uniformity."  Docket No. 8 at 6 (quoting *Nat'l Satellite Sports*, 255 F. Supp. 2d at 313-14).  As the court explained in *Kingvision Pay-Per-View, Corp.*, 366 F.3d at 222, neither "a general preference for uniformity" nor "the desire to unify the limitations periods of federal laws with similar purposes" is a sufficient reason to borrow a federal limitations period.  Rather, courts should characterize federal claims uniformly so they may be analogized to the same types of state laws, even if this results in the application of different statutes of limitations in different states.  *See id*.; *see also Bowdry v. United Air Lines, Inc.*, 956 F.2d 999, 1005 (10th Cir. 1992) (rejecting argument that plaintiffs will be harmed if subject to varying state statutes of limitations because this argument leaves "hardly [any] occasion to

adopt the state statute of limitations.  Every time a state rule is adopted instead of a federal rule, an entity operating in various states will likely be subject to varying state statutes of limitations.").

For example, in *Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (abrogated by statute on other grounds as stated in *Merrigan v. Affiliated Bankshares of Colo., Inc.*, 775 F. Supp. 1408, 1411 (D. Colo. 1991)), the court held that claims under 42 U.S.C. § 1983 are subject to each state's limitations period for personal injury actions. Although this results in the application of different limitations periods, the court held that "uniformity within each State is entirely consistent with the borrowing principle contained in § 1988." *Id*. at 275.

Given the similarities in purpose and remedial scheme between the Colorado Cable Piracy Act and 47 U.S.C. § 605, the Court finds that there is no basis for applying the "closely circumscribed exception" and borrowing a limitations period from federal law.  *See Lampf*, 501 U.S. at 356.

## 2.  *Applicable Limitations Period*

The Colorado Cable Piracy Act does not contain a statute of limitations for civil actions.  Plaintiff contends that the Court should apply Colorado's two-year limitations period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute."  Docket No. 8 at 6-7; Colo. Rev. Stat. § 13-80-102(1)(g).  Defendants contend that the Court should apply the State's one-year limitations period for "[a]ll actions for any penalty or forfeiture of any penal statutes." Docket No. 5 at 9-10; Colo. Rev. Stat. § 13-80-103(1)(d).

The parties' dispute concerns which limitations period is more specifically linked to the violations alleged in this case.  Since the Colorado Cable Piracy Act is a penal statute, the Court agrees with defendants that § 13-80-103(1)(d) sets forth the applicable limitations period.

Plaintiff contends that defendants' argument would prevail "if *liability* herein were predicated upon a violation of" Colo. Rev. Stat. § 18-4-701, but, "as Plaintiff relies upon the federal statutes, Defendants' argument is misplaced."  Docket No. 8 at 7 (emphasis in original).  Plaintiff's argument, however, disregards the mechanism of the borrowing rule, which requires courts to borrow the "local time limitation most analogous to the case at hand."  *Lampf*, 501 U.S. at 355.  The most closely analogous limitations period is the period that the state would apply in considering the alleged violation of the analogous state law.  *See Bowdry*, 956 F.2d at 1006 (applying catch-all limitations period because it was unable to find an "appropriate analogy" in state law); *Joe Hand Promotions, Inc. v. Dugout, LLC*, No. 13-cv-00821-CMA-CBS, 2013 WL 5323403, at *3 n.3 (D. Colo. Sept. 23, 2013) ("The task of the Court is to use the statute of limitations from the most closely analogous state law, not to apply the statute's general statute of limitations for federal claims.") (citation omitted).  Plaintiff's suggested approach would undermine the purpose of the borrowing rule by requiring courts to engage in a lengthy search for a similar state law, only to ignore that law's limitations period and apply a catch-all provision with no substantive connection to the claims at issue.  Accordingly, the Court finds that plaintiff's federal claims are subject to a one-year statute of limitations.

The parties do not dispute that plaintiff's federal claims accrued on August 27, 2011, when defendants allegedly aired the protected programming.  Docket No. 5 at 11; Docket No. 8 at 7.  Plaintiff filed this case on August 16, 2013.  Docket No. 1-1 at 3.  As plaintiff filed this case more than one year after its federal claims accrued, its federal claims are time barred.

## B.  State Law Claim

Plaintiff asserts a supplemental state law claim for conversion.[3]  Plaintiff argues that it would be unfair to decline supplemental jurisdiction over its conversion claim because plaintiff originally brought this case in state court and defendants removed it. Docket No. 8 at 12.

---

[3]In its notice of removal, defendants alleged that the Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 2, ¶¶ 4-5.  Defendants alleged that C.J.'s, a limited liability partnership, is a citizen of Colorado because it "is a Colorado business entity."  *Id*. at 2, ¶ 5.  According to the complaint, the Cowdens are the general partners of C.J.'s.  Docket No. 1-1 at 4, ¶ 4.  A limited partnership, unlike a corporation, is deemed to be a citizen of all of the states of which its members are citizens.  *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) (recognizing the "accepted rule" that a partnership "is a citizen of each State or foreign country of which any of its partners is a citizen").  Since defendants do not state that they are C.J.'s only partners, or set forth the citizenship of any other partners, their allegations are insufficient to establish jurisdiction under § 1332.  *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citizenship of all members relevant to determining LLC's citizenship regardless of certain members' passive management role); *Allegheny Cas. Co. v. United Constr. Co. of Cent. Fla., Inc.*, 2013 WL 1344588, at *1 (M.D. Fla. Feb. 6, 2013) (recommending dismissal where plaintiff pled identity of LLC's managing member but "did not show that [he] was the *only* member" of defendant LLC), *adopted by* 2013 WL 1344844 (M.D. Fla. Apr. 2, 2013); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (plaintiff must "*distinctly* and *affirmatively*" allege citizenship of each of limited partnership's general and limited partners to establish diversity jurisdiction) (emphasis in original).  Plaintiff does not allege that the Court has diversity jurisdiction.  *See* Docket No. 8 at 11-13.  Thus, the jurisdictional basis for plaintiff's conversion claim is supplemental jurisdiction.  28 U.S.C. § 1367.

In the Tenth Circuit, when "the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), courts must dismiss pendent state law claims without prejudice "'absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (reversing the district court's grant of summary judgment on state law claims)). "Compelling reasons to the contrary" may include considerations of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

In this case, remanding plaintiff's state law claim will not result in a waste of judicial resources because the case has not progressed beyond its early stages. Apart from entering a scheduling order, Docket No. 20, the Court has not issued any orders and has not addressed the substantive merit of plaintiff's state law claim. Convenience to the parties does not appear to be at issue given that plaintiff initially filed its claims in state court. Moreover, plaintiff's conversion claim raises a novel issue of state law. *See* Docket No. 8 at 8 ("The issue of whether a piracy claim may be the subject of a conversion claim has not yet been adjudicated in Colorado."). Given the existence of a novel legal issue and plaintiff's original choice of a state forum, there is no support for plaintiff's assertion that remand would be unfair. Since there are no compelling reasons for this Court to retain jurisdiction over plaintiff's state law claim, that claim will be remanded.

## IV. CONCLUSION

In light of the foregoing, it is

**ORDERED** that the motion to dismiss [Docket No. 5] filed by defendants C.J.'s Sports Bar, LLP, Larry Deane Cowden, and Dorothy Gail Cowden is GRANTED in part. Count I and Count II of the complaint [Docket No. 3] are dismissed with prejudice. Count III survives.  It is further

**ORDERED** that this matter is remanded to the District Court for the County of El Paso, Colorado, where it was filed as Case No. 13-cv-30964.


DATED September 16, 2014.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge